JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROSLYN HAWKINS

**DEFENDANTS**
CVS Pharmacy, Inc. and CVS Health Corporation

**(b)** County of Residence of First Listed Plaintiff   Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence County, RI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Theodore C. Levy / Fine and Staud, LLC

Attorneys *(If Known)*
A. Bryan Tomlinson / Post & Schell, P.C.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☒ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☒ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. S 1332 - Diversity of Citizenship
Brief description of cause:
Alleged misfill of prescription medication

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
> 75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
September 20, 2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 221 N. Cedar Lane, Upper Darby, PA 19082

Address of Defendant: 1 CVS Drive, Woonsocket, RI 02895 (same for both defendants)

Place of Accident, Incident or Transaction: 802 Lansdowne Avenue, Drexel Hill, PA 19026

| **RELATED CASE IF ANY:** | | | |
|---|---|---|---|
| Case Number:_____ | Judge:_____ | Date Terminated_____ | |

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: September 20, 2023 _____     206114
_____
Attorney-at-Law *(Must sign above)*     Attorney I.D. # (if applicable)

---

Civil (Place a √ in one category only)

**A.  *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify):*_____

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* Medical Malpractice
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, A. Bryan Tomlinson_____, counsel of record *or pro se* plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: September 20, 2023 _____     206114
_____
Attorney-at-Law *(Sign here if applicable)*     Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSLYN HAWKINS | : | |
| 221 N. Cedar Lane | : | |
| Upper Darby, PA 19082 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CVS PHARMACY, INC., | : | |
| 1 CVS Drive | : | CIVIL ACTION |
| Woonsocket, RI 02895 | : | |
| | : | NO. |
| and | : | |
| | : | |
| CVS HEALTH CORPORATION | : | |
| 1 CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |

<u>**DEFENDANTS, CVS PHARMACY, INC. AND CVS HEALTH CORPORATION'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**</u>

Defendants, CVS Pharmacy, Inc. and CVS Health Corporation (hereinafter "Defendants"),

by and through their attorneys, Post & Schell, P.C., hereby remove the above-captioned action –

which is presently docketed in the Court of Common Pleas of Philadelphia County at August Term,

2023, No. 2158 – pursuant to 28 U.S.C. § 1441 *et seq*. In support thereof, Defendants aver as

follows:

**The Parties and Background**

1.    This is a professional liability action in which Plaintiff, Roslyn Hawkins, alleges Defendants, CVS Pharmacy, Inc. and CVS Health Corporation, by and through their employees, negligently dispensed Topamax (topiramate) rather than Lamotrigine on or about May 8, 2022. *See* a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A". Defendants deny any and all allegations of negligence and did not cause or contribute to any alleged injuries, damages, and/or losses.

2.    Plaintiff is a citizen of Pennsylvania with a residence of 221 N. Cedar Lane, Upper Darby, Pennsylvania 19082. (*See* Exhibit "A", ¶ 1.)

3.    Defendant, CVS Pharmacy, Inc., is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.  *See* Affidavit of Melanie K. St. Angelo in Support of Defendants' Notice of Removal attached hereto as Exhibit "B."

4.    Defendant, Defendant, CVS Health Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. (*See* Exhibit "B".)

5.     Plaintiff alleges that, as a result of the alleged negligent conduct of Defendants, Plaintiff minor unknowingly took dispensed Topamax (topiramate) rather than Lamotrigine, causing Plaintiff to suffer "mental fogginess, dizziness, a feeling that resembled being drunk, slurred speech, mental fogginess, tingling in the hands and feet, numbness in her right hand, and great anxiety," (*see* Exhibit "A", ¶ 23); sustain "irreversible and permanent bodily damage and injuries including, but not limited to, high levels of stress, panic attacks, hypersensitivity to unfamiliar body sensations, extreme sweating upon entering any pharmacy," (*see id.* ¶ 24); and

that Plaintiff "will continue to incur in the future as a direct and proximate result of the negligence of [Defendants] including, but not limited to, wage loss, past medical care, future medical care, in addition to mental anguish, embarrassment, loss of well-being, disfigurement, fear and Plaintiff's inability to purse and enjoy normal and ordinary pleasures of life," (*see id.* ¶ 25). Defendants deny any and all allegations of negligence and deny any and all allegations of liability for Plaintiff's alleged injuries, damages, and/or losses.

6.      Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the matter and amount in controversy exceeds $50,000. (*See* Exhibit "A.")

<u>**Procedural History**</u>

7.      This action was initiated by Complaint filed on or about August 21, 2023. (*See* Exhibit "A".)

8.      Affidavit of Service as to Defendant, CVS Pharmacy, Inc., was filed on August 28, 2023. *See* a true and correct copy of the Affidavit of Service, attached hereto as Exhibit "C".

9.      The Affidavit of Service states that Defendant, CVS Pharmacy, Inc., was purportedly served on August 25, 2023.

10.     The Affidavit of Service as to Defendant, CVS Health Corporation was filed on August 28, 2023. *See* a true and correct copy of the Affidavit of Service, attached hereto as Exhibit "D".

11.     The Affidavit of Service states that Defendant, CVS Health Corporation was purportedly served on August 25, 2023.

12.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

13.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

### Basis for Removal to Federal Court

14.     A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter.  *See* 28 U.S.C. §§ 1441(a); 1446(a).

15.     As set forth herein, this Court's original jurisdiction over the instant matter is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000.

16.     The burden of demonstrating federal court jurisdiction under 28 U.S.C. § 1332 is on the party invoking that jurisdiction, *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), and the defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal, *see Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

### *The Adverse Parties are Completely Diverse*

17.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

18.     A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

19.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place

where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

20.     Plaintiff is a citizen of Pennsylvania. (*See* Exhibit "A", ¶ 1.)

21.     Defendant, CVS Pharmacy, Inc., a corporation, is a citizen of State of Rhode Island, as Rhode Island is both its state of incorporation and its principal place of business.  (*See* Exhibit "B", ¶¶ 4.)

22.     Defendant, CVS Health Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. (*See* Exhibit "B".) Therefore, Defendant, CVS Health Corporation, is a citizen of the States of Rhode Island and Delaware.

23.     As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendants, CVS Pharmacy, Inc. (Rhode Island) and CVS Health Corporation (Delaware and Rhode Island).

### The Amount in Controversy Exceeds $75,000

24.     Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

25.     The amount in controversy is measured by the pecuniary value of the rights being litigated. *Hunt v. Washington Apple Advertising Commission*, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

26.     Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint.  *See, e.g., Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004).

27.     Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

28.     In addition, where the plaintiff does not specifically aver in its complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum.  *See Samuel-Bassett*, 357 F.3d at 397-98; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

29.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum.  *See Angus*, 989 F.2d at 146; *see also Corwin Jeep Sales & Service v. American Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

30.     In this case, Plaintiff alleges that Plaintiff suffered from "mental fogginess, dizziness, a feeling that resembled being drunk, slurred speech, mental fogginess, tingling in the hands and feet, numbness in her right hand, and great anxiety," (*see* Exhibit "A", ¶ 23); sustained "irreversible and permanent bodily damage and injuries including, but not limited to, high levels of stress, panic attacks, hypersensitivity to unfamiliar body sensations, extreme sweating upon entering any pharmacy." (*See Id.* ¶ 24); and that Plaintiff "will continue to incur in the future as a direct and proximate result of the negligence of [Defendants] including, but not limited to, wage loss, past medical care, future medical care, in addition to mental anguish, embarrassment, loss of

well-being, disfigurement, fear and Plaintiff's inability to purse and enjoy normal and ordinary pleasures of life," (*see id.* ¶ 25).

31.     While Defendants deny any and all allegations of negligence and deny any and all allegations of liability for Plaintiff's alleged injuries, damages, and/or losses, considering the damages claimed by Plaintiff, a reasonable jury could value Plaintiff's losses in an amount in excess of the $75,000 amount in controversy minimum.

32.     For all the foregoing reasons, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess of $75,000 and it cannot be said "to a legal certainty" that Plaintiff cannot recover more than that amount.

<u>**Conclusion**</u>

33.     This Court has original jurisdiction over the instant matter based upon diversity of citizenship under 28 U.S.C. § 1332, as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000,

34.     The United States District Court for the Eastern District of Pennsylvania is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas of Philadelphia County.

35.     Defendants have timely filed for removal of the instant matter to this Court, as they have filed this Notice of Removal within thirty (30) days of service of the Complaint on them.  28 U.S.C. § 1446(b).

36.     As required under 28 U.S.C. § 1446(d), Defendants have also filed copies of this Notice of Removal, and related papers, with the Office of Judicial Records (formerly the Office of the Prothonotary) for the Court of Common Pleas of Philadelphia County, in order to effect the removal of this action.

37.    Simultaneous with the filing of this Notice of Removal, Defendants have given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, CVS Pharmacy, Inc. and CVS Health Corporation. respectfully request that the above-captioned matter, now pending in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.


**POST & SCHELL, P.C.**


BY: _____

Dated:  9/20/2023              AMALIA V. ROMANOWICZ, ESQUIRE
                              I.D. # 65412
                              A. BRYAN TOMLINSON, ESQUIRE
                              I.D. # 206114
                              FOUR PENN CENTER, 13TH FLOOR
                              1600 JOHN F. KENNEDY BLVD.
                              PHILADELPHIA, PA  19103-2808
                              PHONE: 215-587-1000
                              FACSIMILE: 215-587-1444
                              E-MAIL:
                              AROMANOWICZ@POSTSCHELL.COM
                              BTOMLINSON@POSTSCHELL.COM
                              ATTORNEYS FOR DEFENDANTS

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSLYN HAWKINS | : | |
| 221 N. Cedar Lane | : | |
| Upper Darby, PA 19082 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CVS PHARMACY, INC., | : | |
| 1 CVS Drive | : | CIVIL ACTION |
| Woonsocket, RI 02895 | : | |
| | : | NO. |
| and | : | |
| | : | |
| CVS HEALTH CORPORATION | : | |
| 1 CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, A. BRYAN TOMLINSON, ESQUIRE, hereby state that a true and correct copy of the within *Notice of Removal* was made upon all parties involved via the Court's ECF system and E-Mail on September 20, 2023:

Theodore C. Levy, Esquire
Colleen J. Borum, Esquire
1333 Race Street
Philadelphia, PA  19107-1585
*Attorneys for Plaintiff*

**POST & SCHELL, P.C.**

BY:

Dated:  9/20/2023

AMALIA V. ROMANOWICZ, ESQUIRE
I.D. # 65412
A. BRYAN TOMLINSON, ESQUIRE
I.D. # 206114
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
PHONE: 215-587-1000
FACSIMILE: 215-587-1444
E-MAIL:
AROMANOWICZ@POSTSCHELL.COM
BTOMLINSON@POSTSCHELL.COM
ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

*Filed and Attested by the Office of Judicial Records 21 AUG 2023 10:53 am S. RICE*

ATTORNEYS FOR PLAINTIFF

ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

**MAJOR JURY**

| | |
|---|---|
| ROSLYN HAWKINS | : |
| 221 N. Cedar Lane | : |
| Upper Darby, PA 19082 | : |
|         Plaintiff | : |
|   V. | : |
| | : |
| CVS PHARMACY, INC. | : |
| 1 CVS Drive | : |
| Woonsocket, RI 02895 | : |
|      & | : |
| CVS HEALTH CORPORATION | : |
| 1 CVS Drive | : |
| Woonsocket, RI 02895 | : |
|         Defendants | : |
| | : |

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

AUGUST TERM 2023

NO:

**<u>JURY TRIAL DEMANDED</u>**

<u>**NOTICE TO PLEAD**</u>

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the

AVISO

Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte

Case ID: 230802158

plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA  19107
(215) 238-6333   TTY# (215) 451-6197

puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
(215) 238-6333   TTY# (215) 451-6197

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794                                    ATTORNEYS FOR PLAINTIFF
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET                                        ASSESSMENT OF DAMAGES
PHILADELPHIA, PA 19107-1585                             HEARING IS REQUIRED
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com                                 **MAJOR JURY**

_____
ROSLYN HAWKINS                         :               PHILADELPHIA COUNTY
221 N. Cedar Lane                      :               COURT OF COMMON PLEAS
Upper Darby, PA 19082                  :
                Plaintiff             :               AUGUST TERM 2023
        V.                            :
                                      :               NO:
CVS PHARMACY, INC.                    :
1 CVS Drive                           :               **JURY TRIAL DEMANDED**
Woonsocket, RI 02895                  :
        &                             :
CVS HEALTH CORPORATION                :
1 CVS Drive                           :
Woonsocket, RI 02895                  :
                Defendants            :
_____      :

## CIVIL ACTION - COMPLAINT
## MEDICAL PROFESSIONAL LIABILITY ACTION

1.      Plaintiff, Roslyn Hawkins, is an adult individual residing at the above stated address.

2.      Defendant, CVS Pharmacy, Inc., at all times material hereto, is a pharmacy licensed to distribute medicine in the Commonwealth of Pennsylvania with offices at the above stated address. Plaintiff is asserting a professional liability negligence claim and corporate liability negligence claim against CVS Pharmacy, Inc.

3.      At all material times, CVS Pharmacy, Inc. owned, controlled, managed, and/or operated the CVS located at 802 Lansdowne Avenue, Drexel Hill, PA 19026, which at all

Case ID: 230802158

material times was authorized and licensed to dispense medications and provide pharmaceutical and medical care in the Commonwealth of Pennsylvania and who currently does business at the subject location.

4.     Defendant, CVS Health Corporation, at all times material hereto, is a pharmacy licensed to distribute medicine in the Commonwealth of Pennsylvania with offices at the above stated address. Plaintiff is asserting a professional liability negligence claim and corporate liability negligence claim against CVS Health Corporation.

5.     At all material times, CVS Health Corporation owned, controlled, managed, and/or operated the CVS located at 802 Lansdowne Avenue, Drexel Hill, PA 19026, which at all material times was authorized and licensed to dispense medications and provide pharmacological and medical care in the Commonwealth of Pennsylvania and who currently does business at the subject location.

6.     At all material times CVS Pharmacy, Inc. and CVS Health Corporation acted individually, and/or by and through their respective agents, ostensible agents, representatives, servants, and/or employees, who were then and there engaged in CVS' business, acting within the course and scope of their employment.  More specifically, CVS Pharmacy, Inc. and CVS Health Corporation were acting by and through their respective agents, ostensible agents, representatives, servants, and/or employees at or about the time that CVS Pharmacy, Inc. and CVS Health Corporation dispensed medications to the Plaintiff Roslyn Hawkins on or about May 8, 2022.

7.     Additionally, at all material times, CVS Pharmacy, Inc. and CVS Health Corporation were acting by and through their agents, ostensible agents, representatives, servants, and/or employees in the negligent manner as set forth specifically herein.

8.     At all material times,  CVS Pharmacy, Inc. and CVS Health Corporation held themselves to the public generally and to Plaintiffs specifically as competent to provide pharmaceutical services and/or medical care.

9.     Plaintiffs looked to CVS Pharmacy, Inc. and CVS Health Corporation as competent to provide these services and to provide pharmaceutical services in an appropriate and proper manner.

10.     Those medical and pharmacological personnel who dispensed medication to Plaintiff, Roslyn Hawkins on or about May 8, 2022 and who had the duty to properly dispensed the prescribed medicine.

11.     Additionally, once it was learned that the pharmacy had not dispensed the correct dosage, the pharmacy should have properly and promptly notified Plaintiff that the dispensed medication was improperly dispensed.

12.     The acts and omissions were the cause of the Plaintiff's harm and were caused by the agents, ostensible agents, representatives, servants and/or employees of CVS Pharmacy, Inc. and CVS Health Corporation; these personnel include, but are not limited to, the pharmacists/pharmacy personnel that distributed medication to Plaintiff on or about May 8, 2022;  Plaintiff is unable to specifically identify by name at this time the personnel involved in the negligent acts set forth herein and believes that CVS Pharmacy, Inc. and CVS Health Corporation are in possession of this information.

13.     CVS Pharmacy, Inc. and CVS Health Corporation are vicariously liable for the acts or omissions of its agents, ostensible agents, representatives, servants and/or employees for their negligence in the preparation and dispensing of medication to Plaintiff as set forth herein.

14.    All of the injuries suffered by Plaintiff were due solely and exclusively to the negligence of CVS Pharmacy, Inc. and CVS Health Corporation, its agents, servants and/or employees, and was due, in no manner, to any act or failure to act on the part of Plaintiff.

15.    On or about May 5, 2022, CVS Pharmacy called Roslyn Hawkins and informed her that her prescription for Lamotrigine, which she had been prescribed for the last four (4) years, was delayed.

16.    On or about May 8, 2022, the CVS Pharmacy contacted Roslyn Hawkins and told her that her prescription was ready.

17.    On or about May 8, 2022, Plaintiff arrived at the CVS pharmacist which is located at 802 Lansdowne Avenue, Drexel Hill, PA 19026 and was told that her prescription was not ready, however, the pharmacist gave her a few pills to hold her over until the full prescription was ready.

18.    The pills given to Plaintiff by the CVS Pharmacist were in fact Topamax 200mg instead of Lamotrigine.

19.    On or about May 8, 2022, in response to Plaintiff Roslyn Hawkins' request for this prescription of Lamotrigine tablet as prescribed, a pharmacist and/or pharmacy personnel located at CVS Pharmacy negligently, irresponsibly and/or recklessly prepared and mistakenly dispensed the wrong dosage medications; specifically 200 mg dosage of Topamax, which was not what Plaintiff's treating physician prescribed and should not have been dispensed to Plaintiff by CVS Pharmacy, Inc. and CVS Health Corporation.

20.    Plaintiff mistakenly believed that she was given the correct medication, trusting that the pharmacist would not give her drugs that were not prescribed to her.

21.     On or about May 9, 2022, Plaintiff began taking the incorrectly dispensed medication, taking two pills totaling 400 mg of Topamax, and felt numbness and tingling in her hands, was unable to speak properly, felt dizzy, felt a heaviness in her body, and experienced problems with her vision.

22.     Due to the seriousness of her symptoms, Plaintiff went to Urgent Care in Upper Darby, and from urgent care, was transported to Delaware County Memorial Hospital in Upper Darby, PA.

23.      As a result of ingesting medication improperly dispensed medication, Plaintiff was caused to experience mental fogginess, dizziness, a feeling that resembled being drunk, slurred speech, mental fogginess, tingling in the hands and feet, numbness in her right hand, and great anxiety.

24.     As a result of the failure of CVS Pharmacy, Inc. and CVS Health Corporation, inter alia, improperly dispensing medications, the Plaintiff and has suffered irreversible and permanent bodily damage and injuries including, but not limited to, high levels of stress, panic attacks, hypersensitivity to unfamiliar body sensations, extreme sweating upon entering any pharmacy.

25.     Plaintiff now seeks recovery from CVS Pharmacy, Inc. and CVS Health Corporation to the fullest extent permitted by law for the significant compensatory losses. Plaintiffs have incurred and will continue to incur in the future as a direct and proximate result of the negligence of CVS Pharmacy, Inc. and CVS Health Corporation including, but not limited to, wage loss, past medical care, future medical care, in addition to mental anguish, embarrassment, loss of well-being, disfigurement, fear and Plaintiff's inability to pursue and enjoy normal and ordinary pleasures of life.

**COUNT I**
**NEGLIGENCE - MEDICAL / PHARMACEUTICAL MALPRACTICE**
**ROSLYN HAWKINS V. CVS PHARMACY, INC. AND CVS HEALTH CORPORATION**

26.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth at length herein.

27.    At all material times, CVS Pharmacy, Inc. and CVS Health Corporation undertook and/or assumed a duty to render reasonable, proper, adequate, prompt and appropriate medical care and/or pharmaceutical care to Plaintiff and to avoid harm to her, which duty CVS Pharmacy, Inc. and CVS Health Corporation breached.

28.    Plaintiff relied on the medical knowledge and/or pharmaceutical knowledge, treatment and advice of CVS Pharmacy, Inc. and CVS Health Corporation, to her great detriment and harm.

29.    The carelessness and negligence of CVS Pharmacy, Inc. and CVS Health Corporation, which is more particularly set forth hereinafter, increased the risk of harm and was a factual cause of Plaintiff's injuries.

30.    The injuries and resulting damages of Plaintiff was directly and proximately caused by the negligence and liability-producing conduct of CVS Pharmacy, Inc. and CVS Health Corporation, acting by and through its agents, ostensible agents, representatives, servants and/or employees.

31.    CVS Pharmacy, Inc. and CVS Health Corporation, acting by and through its agents, ostensible agents, representatives, servants, and/or employees, was careless and negligent and its care and services were substandard in the following respects:

(a)     Failing to prepare and dispense Plaintiff's correct medications on or about May 8, 2022;

(b)    Failing to timely notice that they had dispensed the wrong medications on or about May 8, 2022 and promptly contact the Plaintiff to advise her to not take the improperly dispensed medication;

(c)    Failing to adequately and properly train their agents, ostensible agents, representatives, servants and/or employees, including but not limited to, their pharmacists / pharmacy personnel to avoid the dispensing of improper medications to patients;

(d)    Failing promptly and properly to notice that the incorrect medications had been filled for Plaintiff before dispensing the same to Plaintiff;

(e)    Failing to assure that all appropriate and/or necessary systems and/or safeguards were in place to prevent the incorrect dispensing of medications to patients;

(f)    Failing to assure that all appropriate and/or necessary systems in place to prevent incorrect dispensing of medications to patients were working properly and appropriately;

(g)    Failing to promptly and properly advise Plaintiff with regard to her medications and the medications that were distributed on May 8, 2022;

(h)    Failing to have the proper equipment and/or safeguards in place to prevent the dispensing of incorrect medications to patients;

(i)    Failing to have the proper software and/or safeguards in place in order to prevent the dispensing of incorrect medications to patients;

(j)    Mislabeling medication; and,

(k)    Improperly dispensing the wrong prescribed medication to Plaintiff.

32.    As a result of the failures of CVS Pharmacy, Inc. and CVS Health Corporation as set forth herein, Plaintiff has suffered irreversible and permanent damage, including suffering

from post-traumatic stress disorder, generalized anxiety disorder, exacerbation of pre-existing major depressive disorder that had been in remission, and exacerbation of ADHD.

33.     Plaintiff now seek recovery from CVS Pharmacy, Inc. and CVS Health Corporation to the fullest extent permitted by law for the significant compensatory losses Plaintiff has incurred and will continue to incur in the future as a direct and proximate result of the negligence of CVS Pharmacy, Inc. and CVS Health Corporation including, but not limited to, wage loss, past medical care, future medical care, scarring, deformity, past and future pain and suffering, mental anguish, embarrassment, loss of well-being, fear, and Plaintiff's inability to pursue and enjoy normal and ordinary pleasures of life.

34.     The act of the pharmacist giving loose pills in an unlabeled bottle was reckless, putting the life and safety of Roslyn Hawkins at risk.

35.     The pharmacist who dispensed the pills knew or should have known that giving unlabeled, loose pills to a patient was highly unsafe and put the life and safety of the patient at risk.

36.     Giving loose, unlabeled pills to a patient violates regulations regarding proper pharmacological care.

37.     Punitive damages are necessary to punish the Defendants for their conduct and to prevent them from acting in this manner in the future.

**WHEREFORE**, Plaintiff, Roslyn Hawkins, demands judgment against the Defendants, CVS Pharmacy, Inc. and CVS Health Corporation, individually, jointly, severally, and vicariously, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, punitive damages, and costs of suit.

**COUNT II**
**CORPORATE NEGLIGENCE**
**ROSLYN HAWKINS V. CVS PHARMACY, INC. AND CVS HEALTH CORPORATION**

38.    Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth at length herein.

39.    At all material times CVS Pharmacy, Inc. and CVS Health Corporation, their agents, servants and/or employees, undertook a duty to Plaintiffs to render reasonable, proper, adequate and appropriate medical care and/or pharmaceutical care to her and to avoid harm to Plaintiff, which duty was breached by CVS Pharmacy, Inc. and CVS Health Corporation.

40.    CVS Pharmacy, Inc. and CVS Health Corporation, their agents, servants and/or employees, were careless and negligent in the following respect: Failing to formulate, adopt and/or enforce adequate rules, policies, procedures, training and/or protocols regarding the dispensing of medications to patients such to avoid the dispensing of incorrect medications to patients.

41.    At all material times, the liability of CVS Pharmacy, Inc. and CVS Health Corporation as set forth above, was a factual cause of Plaintiff's injuries.

42.    As a result of the failure of CVS Pharmacy, Inc. and CVS Health Corporation as set forth herein, Plaintiff has suffered irreversible and permanent damage as set forth above.

43.    Plaintiff now seeks recovery from CVS Pharmacy, Inc. and CVS Health Corporation to the fullest extent permitted by law for the significant compensatory losses Plaintiff has incurred and will continue to incur in the future as a direct and proximate result of the negligence of CVS Pharmacy, Inc. and CVS Health Corporation including, but not limited to, past medical care, future medical care, past and future pain and suffering, mental anguish,

embarrassment, loss of well-being, and Plaintiff's inability to pursue and enjoy normal and ordinary pleasures of life.

     **WHEREFORE**, Plaintiff, Roslyn Hawkins, demands judgment against the Defendants, CVS Pharmacy, Inc. and CVS Health Corporation, individually, jointly, severally, and vicariously, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, punitive damages, and costs of suit.

Respectfully submitted,

FINE AND STAUD, LLC

BY: _Theodore C. Levy_

THEODORE C. LEVY, ESQUIRE
COLLEEN J. BORUM, ESQUIRE
Attorneys for Plaintiff

DATE: 8/18/23

## VERIFICATION

I,   Roslyn Hawkins                  , hereby state that I am the **PLAINTIFF** in

this matter; that the averments contained in the foregoing   Complaint

are true and correct to the best of my knowledge, information and belief, and further that

this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn

falsification.

_____
Roslyn Hawkins (Aug 18, 2023 12:29 EDT)

DATE: ___8/18/23_____

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

ROSLYN HAWKINS        :
221 N. Cedar Lane        :
Upper Darby, PA 19082      :
                :
     Plaintiff,        :
                :
     v.           :
                :
CVS PHARMACY, INC.,      :
1 CVS Drive          :  CIVIL ACTION
Woonsocket, RI 02895      :
                :  NO.
and              :
                :
CVS HEALTH CORPORATION   :
1 CVS Drive          :
Woonsocket, RI 02895      :
                :
     Defendants      :
                :
                :

**AFFIDAVIT OF MELANIE K. ST. ANGELO**
**IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

    BEFORE ME, the undersigned Notary, on this day personally appeared MELANIE K. ST.

ANGELO, and being by me first duly sworn, on his oath, states as follows:

    1.   My name is Melanie K. St. Angelo, and I am over the age of twenty-one. All of the

information set forth in this Affidavit is based on my personal knowledge, or information and

belief based on where stated, and if called and sworn as a witness, I could and would competently

testify thereto.

    2.   I am the Senior Manager, Corporate Services of CVS Pharmacy, Inc., a party to the

case. I am also identified as "Assistant Secretary" in documents filed with the Secretary of State

on behalf of CVS Pharmacy, Inc.

3.     This Affidavit is submitted in support of the Notice of Removal Pursuant to 28 U.S.C. §1332 and U.S.C. §1441 of Defendants, CVS Pharmacy, Inc. and CVS Health Corporation.

4.     Defendant, CVS Pharmacy, Inc., is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

5.     Defendant, CVS Health Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

MELANIE K. ST. ANGELO

Sworn to before me this

20th day of September 2023

NOTARY PUBLIC

2

# EXHIBIT C

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
28 AUG 2023 04:31 pm
S. GILLIAM*

| | | |
|---|---|---|
| ROSLYN HAWKINS | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | AUGUST TERM 2023 |
| V. | : | |
| | : | NO: 2158 |
| CVS PHARMACY, INC. and | : | |
| CVS HEALTH CORPORATION | : | |
| | : | |
| Defendants | : | |

### AFFIDAVIT OF SERVICE

I, THEODORE C. LEVY, ESQUIRE, being duly sworn according to law, deposes and says that he served a true and correct copy of Complaint in the above captioned matter upon Defendant, CVS Pharmacy Inc., 1 CVS Drive, Woonsocket, RI 02895, via Certified Mail, Return Receipt Requested, which was accepted on August 25, 2023. A copy of the Return Receipt Card is attached here and marked as **Exhibit "A"**.

FINE AND STAUD LLC

BY:_____
THEODORE C. LEVY, ESQUIRE
Attorney for Plaintiff

Sworn to and subscribed
before me this 28th day
of August , 2023

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Enit L. Czyzewicz, Notary Public
Philadelphia County
My Commission Expires 05/27/2024
Commission Number 1207699

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CVS Pharmacy Inc.
1 CVS Drive
Woonsocket, RI 02895

9590 9402 7299 2028 9008 66

2. Article Number *(Transfer from service label)*

7015 1520 0001 6188 4324

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X        Victor Daveiga            ☐ Agent
                                  ☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery .00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



PLAINTIFF'S
EXHIBIT

A

tabbies®

# EXHIBIT D

20200884v1

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
28 AUG 2023 04:33 pm
S. GILLIAM*

| | |
|---|---|
| ROSLYN HAWKINS | PHILADELPHIA COUNTY |
| | COURT OF COMMON PLEAS |
| Plaintiff | |
| | AUGUST TERM 2023 |
| V. | |
| | NO: 2158 |
| CVS PHARMACY, INC. and | |
| CVS HEALTH CORPORATION | |
| | |
| Defendants | |

### AFFIDAVIT OF SERVICE

I, THEODORE C. LEVY, ESQUIRE, being duly sworn according to law, deposes and says that he served a true and correct copy of Complaint in the above captioned matter upon Defendant, CVS Health Corporation, 1 CVS Drive, Woonsocket, RI 02895, via Certified Mail, Return Receipt Requested, which was accepted on August 25, 2023. A copy of the Return Receipt Card is attached here and marked as **Exhibit "A"**.

FINE AND STAUD LLC

BY: _____
THEODORE C. LEVY, ESQUIRE
Attorney for Plaintiff

Sworn to and subscribed
before me this 28th day
of August , 2023

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Enit L. Czyzewicz, Notary Public
Philadelphia County
My Commission Expires 05/27/2024
Commission Number 1207699

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CVS Health Corporation
1 CVS Drive
Woonsocket, RI 02895

|| ||||| |||| ||| ||| ||| |||||||
9590 9402 7299 2028 9008 42

2. Article Number *(Transfer from service label)*

7015 1520 0001 6187

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    Victor Daveiga        ☐ Agent
                           ☐ Au...

B. Received by *(Printed Name)*        C. Date of Delivery
                                        AUG 2   202

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt



PLAINTIFF'S EXHIBIT
A

Case ID: 230802158

# EXHIBIT E

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the
Office of Judicial Records
21 AUG 2023 08:41 am
G. IMPERATO*

---

| | | |
|---|---|---|
| ROSLYN HAWKINS | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | AUGUST TERM 2023 |
| CVS PHARMACY, INC. | : | |
| & | : | NO: 02158 |
| CVS HEALTH CORPORATION | : | |
| | : | |

---

## <u>CERTIFICATE OF MERIT AS TO CVS PHARMACY, INC.</u>

I, **Theodore C. Levy, Esquire**, certify that:

An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Respectfully submitted,

FINE AND STAUD, LLC

BY: _Theodore C. Levy_
_____
THEODORE C. LEVY, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE:  8/18/23

**FINE AND STAUD, LLC**
**BY**: Theodore C. Levy, Esquire
Attorney I.D.: 311794
**BY**: Colleen J. Borum, Esquire
Attorney I.D.: 332220
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
tlevy@fineandstaud.com
cborum@fineandstaud.com

ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the Office of Judicial Records 21 AUG 2023 08:41 am G. IMPERATO*

| | | |
|---|---|---|
| ROSLYN HAWKINS | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| V. | : | |
| | : | AUGUST TERM 2023 |
| CVS PHARMACY, INC. | : | |
| & | : | NO: 02158 |
| CVS HEALTH CORPORATION | : | |
| | : | |

### <u>CERTIFICATE OF MERIT AS TO CVS HEALTH CORPORATION</u>

I, **Theodore C. Levy, Esquire**, certify that:

An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Respectfully submitted,

FINE AND STAUD, LLC

BY: _____
*Theodore C. Levy*
THEODORE C. LEVY, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE:  8/18/23