**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSLYN HAWKINS,** | | **CIVIL ACTION** |
| **Plaintiff,** | | |
| **v.** | | |
| **CVS PHARMACY, INC., et al,** | | **NO. 23-cv-03659** |
| **Defendant.** | | |

**MEMORANDUM OPINION**

This negligence action arises from injuries that Plaintiff Roslyn Hawkins allegedly

sustained after taking an incorrect medication dispensed by Defendants CVS Pharmacy, Inc. and

CVS Health Corporation (together "CVS").  Pending is Hawkins's motion to remand to state

court pursuant to 28 U.S.C. § 1447(c).  For the reasons set forth below, Hawkins's motion will be

granted.

**I.    BACKGROUND**

The Complaint alleges that in the spring of 2022, CVS called Hawkins and told her that

her prescription for Lamotrigine, a drug which she had been taking for four years, was delayed.

Three days later, CVS called Hawkins again this time to tell her that the prescription was ready.

Although she went to CVS that same day, she was told that the prescription was not in fact ready.

However, the pharmacist gave her a few pills to hold her over.  Hawkins says that the pills she

received were Topamax 200 mg, not Lamotrigine.

Hawkins says that after she took the two 200 mg Topamax pills (believing that she had

been given the correct medication) she felt numbness and tingling in her hands, felt dizzy, felt a

heaviness in her body, and experienced vision problems.  She also says she experienced mental

fogginess, slurred speech, and great anxiety.  She was transported to Urgent Care in Upper Darby

1

and then Delaware County Memorial Hospital, where she was treated for her symptoms.

As a result of CVS's failure to dispense the correct medication, Hawkins sued says, she "has suffered irreversible and permanent bodily damage and injuries including, but not limited to, high levels of stress, panic attacks, hypersensitivity to unfamiliar bodily sensations, [and] extreme sweating upon entering any pharmacy."

Hawkins seeks recovery "to the fullest extent permitted by law for the significant compensatory losses" she experienced and will continue to experience.  In accordance with state-court rules, which provide that plaintiffs either state a demand for more than $50,000 or less than $50,000, for the purposes of determining the matter's eligibility for arbitration, Pa. R. Civ. P. 1021(b)–(c); Pa. C.P. Local R. 1301, her ad damnum clause prayed for an amount exceeding $50,000.  Specifically, she seeks "a sum in excess of fifty thousand dollars, plus interest, delay damages, punitive damages, and costs of suit."

One month after the Complaint was filed, pursuant to 28 U.S.C. § 1332(c)(1), CVS removed the action to federal court.  In its notice of removal, CVS alleged that the amount in controversy exceeded the jurisdictional threshold of $75,000 in 28 U.S.C. § 1332, and that "a reasonable jury could value [Hawkins's] losses in excess of the $75,000 amount in controversy minimum."  Hawkins argues in her motion to remand that this Court does not have diversity jurisdiction over the matter because the amount in controversy is less than the jurisdictional threshold.

## II.   LEGAL STANDARD

A civil action in state court can be removed when the federal district court would have had original jurisdiction over the claim.  *See* 28 U.S.C. § 1441.  Federal district courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  28 U.S.C. § 1441 "is to be strictly

2

construed against removal." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The party asserting federal jurisdiction has the burden of demonstrating that, at all stages of the litigation, federal jurisdiction exists.  *Boyer*, 913 F.2d at 111.  The amount in controversy is measured "by the value of the rights which the plaintiff seeks to protect."  *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995).

When facts that purportedly give rise to jurisdiction are in dispute, the party asserting federal jurisdiction must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Samuel-Bassett*, 357 F.3d at 397.  This standard is appropriate in cases in which "no evidence or findings in the trial court addressed the issue [of the amount in controversy]," and therefore there is a dispute over factual matters.  *Id.*[1]

Here, facts relevant to the amount in controversy are in dispute:  On the one hand, Hawkins argues that "there is nothing on record by which the Court could determine the reasonable value of the claims," and on the other, in an attempt to prove the reasonable value of the claims, CVS produced Hawkins's psychological evaluation.  *See Frederico v. Home Depot*, 507 F.3d 188, 198 (3d Cir. 2007) (explaining that, since the defendant's argument for jurisdiction was based only on the allegations contained in the complaint, there was no factual dispute relevant to the amount in controversy); *Sciarrino v. State Farm Fire and Casualty Company*, 476 F. Supp.3d 91, 97 (E.D. Pa. 2020) (same).  The parties do not argue that the state court has

---

[1] When there is no factual dispute regarding the amount in controversy (*i.e.*, when the removing defendant relies only on the allegations of the Complaint), the standard is different.  The Court determines whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed."  *Samuel-Bassett*, 357 F.3d at 397-98.

made factual findings relevant to the amount in controversy.  Therefore, the preponderance-of-the-evidence standard is appropriate in this case.

### III.    DISCUSSION

CVS argues the amount-in-controversy requirement is met for two reasons.   First, it points to a settlement demand made by the Plaintiff in its Rule 26(f) report submitted to the Court in advance of the Rule 16 conference.  Second, it argues that the damages allegations in the Complaint must be read to push the amount in controversy over the required limit. Specifically, the complaint seeks damages for irreversible and permanent body damage.  In addition, although CVS does not focus on it, the Complaint also includes a request for punitive damages, which must be considered in the context of a motion to remand.

In their Rule 26(f) report, both Hawkins and CVS set forth the amount for which they would be willing to settle this matter.  Hawkins demanded $150,000 and CVS countered with $5,500.  CVS argues that since Hawkins's settlement demand exceeded the amount required for this Court to have jurisdiction, remand is improper.  But, for the purposes of determining whether the amount in controversy requirement is met it is the litigation value of the claim as set forth in the complaint that matters, not any demand or offer or amounts discussed in settlement discussions between the parties.  *See, e.g., Reman v. Basic Moving*, 2009 WL 1392149 n.3 (W.D. Pa. 2009), *citing Fusco v. Nationwide Ins. Co.*, 1995 WL 709921, at *2 (E.D. Pa. Nov. 22, 1995) ("[t]he amount in controversy refers to the value of the claim being litigated, not to amounts offered in settlement."); *see also Dugan v. Acme Markets, Inc.,* 2016 WL 266350 (D.N.J. 2016) *citing Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 199 (D.N.J. 2006) ("a settlement offer . . . 'is not the proper amount to take into consideration in calculating the amount in controversy.'").

Turning to CVS's arguments that the description of the damages suffered by Plaintiff

4

suggest that they are in excess of the jurisdictional amount:  CVS relies on three non-precedential district court decisions in which the plaintiffs alleged similar "irreversible and permanent bodily damages" and met the jurisdictional threshold.  Each is distinguishable.  CVS first cites *Williams v. Gsell Moving and Storage*, in which the court found that the plaintiff's complaint alleging "agonizing aches, pains[,] mental anguish, . . . [and being] disabled from performing his usual duties" satisfied the amount in controversy threshold.  2008 WL 282205, at *2 (E.D. Pa. Jan. 31, 2008).  In that case, though, the plaintiff's counsel acknowledged that "to the best of [their] knowledge and belief the damages recoverable . . . exceed the sum of $150,000."  *Id.* at n.2.  Here the demand in the Complaint seeks "a sum in excess of Fifty Thousand ($50,000.00) Dollars" and nothing in Plaintiff's brief counters that demand.  In CVS's next case, *McMonagle v. Franklin Mills Assocs. L.P.*, the court similarly found (with little rationale—perhaps because the matter was remanded for different reasons) that the plaintiff's allegations of serious and permanent injuries, coupled with their demand of an excess of $50,000, exceeded the amount in controversy.  *See McMonagle v. Franklin Mills Assocs. L.P.*, 2007 WL 773715, at *2 (E.D. Pa. Mar. 8, 2007).

> [T]he *McMonagle* opinion does little to explain the basis behind the ultimate decision.  Rather, the court concluded, with almost no reasoning, that the boilerplate damages allegations, considered in conjunction with the demand for a sum in excess of $50,000, was sufficient to put defendant on notice that the amount in controversy as above $75,000.  Second, . . . numerous other well-reasoned opinions have reached the opposite conclusion on similar facts.

*Judge v. Philadelphia Premium Outlets*, 2010 WL 2376122, at *5 n. 2 (E.D. Pa. Jun. 8, 2010).  In CVS's third case, *Garofalo v. Medtronic, Inc.*, the court found the plaintiff's claims of serious personal injuries satisfied the amount in controversy.  *Garofalo v. Medtronic, Inc.*, 1997 WL 1049566, at *5 (D.N.J. June 17, 1997).  Even if the facts in *Garofalo* were analogous—which is not clear because, unlike Hawkins, the plaintiff in *Garofalo* alleged "permanent loss in the use of

a body organ"—*Garofalo*'s reasoning is unpersuasive for reasons similar to *Judge v. Philadelphia Premium Outlets*:  The court concludes with almost no reasoning that the amount-in-controversy is met.

Here the compensatory damages identified by Plaintiff in her Complaint are focused on the psychic distress she suffered and continues to suffer as a result of being given and taking the wrong medication; damages for "deformity," "disfigurement," and "scarring;" damages for wage loss; and damages for past and future medical care.

While the Court accepts these injuries as legitimately pled, it does not conclude based on the allegations that taken together they warrant a finding that the amount in controversy rises to the requisite jurisdictional level.  There are no allegations at all in the complaint that she was unable to work or lost pay because of what happened.  Neither are there any allegations that she was disfigured, scarred or deformed by taking the wrong drug.  And while the allegations are that she sought medical care for her symptoms there is nothing to suggest that she has continuing physical issues related to her ingestion of the wrong drug.

With respect to her psychological harms, the therapist who evaluated Hawkins believed those could be addressed through "expect[ed] effectively weekly treatment to continue for the next 6-12 months, followed by monthly maintenance therapy as determined by her therapist."  The therapist estimated the cost per session to be between $150 and $250.  There is no specific mention of how many sessions Hawkins would have to attend, and there is no estimate of her overall cost of therapy.  But even making a guesstimate that it would take one session of therapy a week for a full year at the $250 cost, the amount would total $13,000—which of course would not meet the jurisdictional requirement (even including an award for the fact of the psychological harm rather than for its treatment).  In any case, "[i]f this Court has to guess [the amount of

compensatory damages], defendant has not proved its point" and met its burden of proof. *See Irving*, 97 F. Supp.2d at 656.

With respect to Plaintiff's claim for punitive damages, when, as here, "both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied[,]" but it is appropriate to exclude a "patently frivolous and without foundation" punitive-damages claim from the amount-in-controversy calculation. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *see also Berkery v. Metro. Life Ins. Co.*, 2021 WL 229320, at *4 (E.D. Pa. Jan. 22, 2021) (finding even under the most liberal interpretation of the complaint the plaintiff could not plausibly recover more than jurisdictional minimum despite seeking punitive damages "in excess of $75,000"); *Kalick v. Nw. Airlines Corp.*, 372 F. App'x 317, 321-22 (3d Cir. 2010) (affirming the district court's holding that it lacked subject matter jurisdiction despite the plaintiff's punitive-damages claim of more than $160,000).

In Pennsylvania, punitive damages are an extreme remedy available only in the most exceptional circumstances. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) ("As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."); *see also Savarese v. Agriss*, 883 F.2d 1194, 1205 (3d Cir. 1989) ("[P]unitive damages in general represent a limited remedy, to be reserved for special circumstances."). Upon the facts alleged, those circumstances are not present here.

In short, CVS has the burden of proving that the amount in controversy exceeds $75,000. It has not met this burden. Accordingly, this Court has no jurisdiction and the matter will be remanded to state court.

An appropriate order follows.

BY THE COURT:

/S/WENDY BEETLESTONE, J.

_____

WENDY BEETLESTONE, J.